UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

    - against –
                                     **MEMORANDUM AND ORDER**
ALLEN REICHMAN,                        12 Cr. 750-3 (NRB)

            Defendant.

-------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Before the Court is a motion by defendant Allen Reichman seeking "clarification of this Court's Judgment . . . [and] a Cease and Desist Order against the United States[,]" as well as restitution of funds he alleges have been "wrongly withheld/taken by the U.S." from his Social Security disability benefits.  ECF Nos. 209, 210.  For the following reasons, defendant's motion is denied.

## BACKGROUND

    On September 27, 2012, defendant was indicted in connection with a conspiracy that caused his former employer, Oppenheimer & Co., to make a $30,000,000 loan that resulted in losses following litigation with a state insurance regulator.  ECF Nos. 1, 151.

    On February 20, 2015, defendant pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 371, 1343.  See ECF Nos. 159, 186 ("Amended Judgment").  Subsequently, on July 15, 2015, this Court sentenced defendant to 21 months' imprisonment

followed by two years of supervised release.  ECF Nos. 184, 187. The Court also issued a Restitution Order requiring defendant to pay $10 million in restitution to Oppenheimer & Co.  Id.  Following a proposal from the parties, the Court's Amended Judgment specified the following schedule for defendant's restitution payments:

> 1. A $10,000 payment . . . in advance of the defendant's surrender.  2. Payments of $500 per month . . . until the defendant surrenders.  3. Payments of the greater of $500 per month if the defendant is employed; $250 per month if he is not employed or 10% of his gross wages, after he completes his sentence of incarceration, until his restitution is paid in full.

Amended Judgment at 6.

Defendant was released from custody on May 27, 2017, and he completed his period of supervised release on May 25, 2019.  ECF No. 212 ("Opp.") at 3, n.4.  Following his 2017 release, defendant has posted restitution payments sporadically, making, for example, two payments in 2019 and one in 2020.  See ECF No. 212-1 at 1. Defendant has made a total of thirty-two payments between his release and the filing of this petition, paying $17,296 in restitution.  See id.  Had defendant adhered to the payment schedule set forth in the Amended Judgment, he would have made approximately eighty-six payments during this same period, paying at least $21,500 in restitution.  As of September 2024, he owes an outstanding restitution balance of $9,971,599.  Id.

On July 30, 2024, defendant filed the instant motion pro se, claiming that the United States Department of Treasury has improperly begun garnishing 15% of his Social Security disability benefits per check.  ECF Nos. 209 ("Mot."), 210 ("Affid.") ¶ 3. Defendant asserts that this garnishment constitutes an "over-collection[,]" contending that the Government should be limited to recovery of restitution pursuant to the defined payment schedule set forth in the Amended Judgment issued at sentencing.  Id. ¶¶ 5-7.

The Government filed a letter opposing defendant's motion on September 19, 2024, maintaining that it lawfully began garnishing defendant's disability payments using the Treasury Offset Program ("TOP") following his failure to pay restitution as ordered or to comply with the government's requests for financial disclosure. Opp. at 1.

## DISCUSSION

As noted previously, defendant seeks "a clarification of this Court's Judgment . . . [and] a Cease and Desist Order against the United States[,]" as well as restitution of the funds he alleges have been "wrongly withheld/taken by" the Government.  Affid. ¶ 3. We deny the requested relief.

As an initial matter, defendant's contention that the Government should be limited to recovery of restitution within the

-3-

bounds of the payment schedule provided in the Amended Judgment is unsupportable. There is no basis for defendant's argument that the limited payment schedule set forth in the Amended Judgment in any way vitiates the separate Restitution Order signed in connection with his plea and sentencing, which provides for "restitution in the total amount of $10,000,000.00 to the victim" of his crime. See ECF No. 184. An installment payment schedule like the one issued by this Court is designed "to allow a defendant to keep a portion of hard-earned employment, not to permit him to keep other assets from being used to satisfy his" obligation. United States v. Lumiere, No. 16 Crim. 483 (JSR), 2021 WL 4710778, at *3 (Oct. 7, 2021). It is obvious that even full compliance with the payment schedule is unlikely to satisfy the Restitution Order, and thus accepting defendant's position would nullify that order. Apart from the absurdity of such a reading, such an approach also ignores the possibility that a defendant's financial circumstances might change in the years following the issuance of the judgment, either through the acquisition of valuable assets via an inheritance or otherwise, which may enhance a defendant's ability to satisfy his debt to the victim of his crime.

In fact, the Government is granted broad authority by statute to collect on behalf of the victim of a defendant's crime. The Mandatory Victim Restitution Act ("MVRA") was designed to

compensate victims by ensuring that criminal defendants "pay full restitution to the identifiable victims of their crimes[,]" United States v. Jaffe, 417 F.3d 259, 264 (2d Cir. 2005) (quoting S. Rep. No. 104-179, at 12 (1995)), and it provides that an order of restitution may be enforced by the Government by "all [] available and reasonable means" necessary to enforce the victim's right to full and timely restitution, 18 U.S.C. § 3664(m)(1)(A).  As the Second Circuit has noted, the significance of any payment schedule crafted by this Court "'is diminished . . . by the fact that the victim may convert the restitution order into an abstract of judgment for the full amount of the restitution order[,]'" resulting in a lien on the property of the defendant pursuant to 18 U.S.C. § 3664(m)(1)(B).  Lumiere, 2021 WL 4710778, at *2 (quoting United States v. Walker, 353 F.3d 130, 132-33 (2d Cir. 2003)).

Moreover, when a debtor has consistently failed to comply, the Government is entitled to refer him to the Treasury Offset Program ("TOP") for collection by administrative offset. 31 U.S.C. §§ 3701, 3716(a); see Johnson v. United States Dep't of Treasury, 300 F. App'x 860, 862 (11th Cir. 2008).  The Government formally referred defendant's debt to the TOP on January 25, 2023. Opp. at 4.  Given defendant's failure to adhere to the payment schedule set forth in the Amended Judgment and his outstanding financial

obligation of more than $9.9 million, this referral was entirely justified.  The referral also followed numerous letters sent by the Government to the defendant informing him of its the Government's intent to refer his debt to the program.  Id. at 3-4.  In fact, the January 2023 referral occurred nearly eight years after defendant received his first notice of the Government's intent to do so.  Id.

Further, contrary to defendant's assertion, there is no legal prohibition on garnishment of his disability payments.  In fact, the Government is entitled to access "all property or rights of property" of the defendant in connection with its enforcement efforts, subject to certain express exemptions contained in the statute.  18 U.S.C. § 3664.  The subject property includes a defendant's Social Security disability payments.[1]  See United States v. Pestone, Case No. 96 Crim. 1166 (PMH), 2023 WL 3241220, at *2 (S.D.N.Y. May 3, 2023) ("Social Security benefits are not exempt from offset for the purpose of satisfying a criminal restitution debt."); Kagan v. United States, No. 06 Civ. 6968

---

[1] The MVRA provides that an order of restitution is a lien in favor of the United States that is treated as if it were "a liability for a tax assessed under the Internal Revenue Code."  18 U.S.C. § 3613(c).  While 42 U.S.C. § 407 provides that "none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process," 42 U.S.C. § 407(a), it also states that "[n]othing in this section shall be construed to prohibit withholding taxes from any benefit under this subchapter," 42 U.S.C. § 407(c).

(VEC), 2007 WL 1074899, at *2 (S.D.N.Y. April 5, 2007) (authorizing collection of restitution from Social Security disability payments).

In sum, defendant remains obligated to comply with his financial disclosure obligations: the court-ordered payment schedule and the Restitution Order. At the same time, the Government is fully authorized by law to pursue its ongoing enforcement of defendant's restitution obligation using "all available and reasonable means[,]" including the TOP. 18 U.S.C. § 3664(m)(1)(A). Given that no improper deductions were taken from defendant's Social Security disability benefits, he is not entitled to restitution of any funds garnished by the Government.

## CONCLUSION

For the reasons stated above, defendant's motion is denied. The Clerk of the Court is respectfully directed to terminate the motion pending at ECF No. 209.

**SO ORDERED.**

Dated:   December 19, 2024
         New York, New York

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE