UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
UNITED STATES OF AMERICA,

- against -

ALLEN REICHMAN,

Defendant.
--------------------------------------X

**MEMORANDUM AND ORDER**

12 Crim. 750-3 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Before the Court is a motion by defendant Allen Reichman to be relieved of his remaining restitution obligations. For the following reasons, Reichman's motion is denied.

## BACKGROUND

In 2012, Reichman was indicted in connection with a conspiracy that caused his former employer, Oppenheimer & Co., to make a fraudulent $30 million loan, in exchange for which he earned substantial commissions. ECF Nos. 1, 151.

In 2015, Reichman pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 371, 1343. See ECF Nos. 159, 186. Pursuant to his plea agreement, Reichman agreed to pay restitution in the amount determined by the Court. See id. Reichman's Presentence Report stated that the Court must impose mandatory restitution in the amount of $10 million, see PSR ¶¶ 60-61, and Reichman did not object to any aspect of the Presentence Report. See ECF No. 187 (Tr. of Sentencing Hearing) at 4:12-17.

The Court sentenced Reichman to 21 months' imprisonment followed by two years of supervised release and ordered him to pay $10 million in restitution to Oppenheimer & Co. ECF Nos. 184, 186. Reichman did not appeal the Court's sentence.

Following his release from prison, Reichman frequently flouted his restitution obligations, often making partial payments or skipping payments altogether. See United States v. Reichman, 2024 WL 5167749, at *1 (S.D.N.Y. Dec. 19, 2024) (discussing Reichman's payment history). Reichman also repeatedly failed to provide complete financial disclosures to the Government. See ECF Nos. 212 at 3, 222 at 2.

In 2020, at the request of the Government and with the consent of Oppenheimer & Co., the Court amended the restitution order to substitute National Union Fire Insurance Company of Pittsburgh, PA ("National Union") as the beneficiary. See ECF No. 208.

In 2023, Reichman's spouse initiated divorce proceedings, and the Government served restraining notices on Reichman and his then-spouse preserving the Government's interest in any marital property. See ECF No. 219.

In 2024, Reichman filed a motion requesting an order barring the United States Department of the Treasury from garnishing his Social Security benefits. ECF No. 209. The Court ruled that the Government's actions were lawful under the "Treasury Offset Program" pursuant to 31 U.S.C. §§ 3701, 3716(a). Reichman, 2024

WL 5167749, at *2-3. In so doing, the Court observed that "the Mandatory Victim Restitution Act ('MVRA') was designed to compensate victims by ensuring that criminal defendants pay full restitution to the identifiable victims of their crimes, . . . and it provides that an order of restitution may be enforced by the Government by all available and reasonable means necessary to enforce the victim's right to full and timely restitution[.]" Id. (internal citations and quotation marks omitted, alterations adopted). The Court further observed that the Government is entitled to access "all property or rights of property" of the defendant in connection with its enforcement efforts, subject to certain express exemptions contained in. Id.; see also 18 U.S.C. § 3613(a), (f).

In January 2025, the Government, citing Reichman's failure to comply with his restitution and financial disclosure obligations, requested an order directing the Westchester County Clerk to comply with the Government's subpoena to produce all filings from Reichman's divorce, see ECF No. 214, which the Court issued, see ECF No. 215. As a result of that subpoena, the Government uncovered millions of dollars of previously undisclosed assets. See ECF No. 219. In December 2025, the Government reached agreement with Reichman on a "Stipulation for Disposition" of the newly discovered assets, which the Court so ordered. See ECF No. 220. The stipulation provided that the Government would take

an interest in property that was distributed as a result of the divorce, including an interest in certain real property -- such as Reichman's apartment -- and in the liquidated proceeds of Reichman's investment accounts. See id. at 4-7. Reichman also acknowledged that his debt would remain enrolled in the Treasury Offset Program such that a portion of his federal benefits would be withheld until his debt expired. Id. at 7.

On September 9, 2026, Reichman filed a motion to "rescind his restitution." See ECF No. 221. Claiming deteriorating health conditions and financial hardships, Reichman requested that he be released from his remaining restitution obligations, or, in the alternative, that the Government be prohibited from garnishing his Social Security benefits and be required to subordinate its lien on his apartment. See id. Both the Government and National Union opposed Reichman's motion, see ECF Nos. 222, 223, and Reichman filed a reply in support of his motion, see ECF No. 224.

According to National Union, Reichman's unpaid balance exceeds $8.2 million. See ECF No. 223 at 1.

**DISCUSSION**

Reichman makes no showing that the Court can -- much less should -- modify or rescind his restitution obligation. To start, courts may not modify a criminal defendant's sentence absent express statutory authority. See United States v. Kyles, 601 F.3d 78, 83 (2d Cir. 2010) ("It is well-established that a district

court may not alter an imposed sentence, except in narrow circumstances not present here."). As the Court observed in response to Reichman's prior request, the MVRA made restitution in the full amount of each victim's loss -- regardless of a defendant's financial circumstances -- a mandatory component of the sentence for certain crimes, including conspiracy to commit wire fraud under Title 18. See 18 U.S.C. §§ 3663A(a)(1), 3663A(c)(1)(A)(ii), 3664(f)(1)(A); see also United States v. Walker, 353 F.3d 130, 133 (2d Cir. 2003). The Government correctly notes that there is no statutory authority to rescind or reduce the amount of a final restitution order outside the narrow circumstances enumerated in 18 U.S.C. § 3664(o), none of which apply here. See United States v. Roper, 462 F.3d 336, 338-40 (4th Cir. 2006) ("[D]istrict courts are generally without authority to remit restitution orders entered under the MVRA . . . ."); United States v. Tagliaferro, 2025 WL 2065193, at *4 (S.D.N.Y. July 23, 2025) ("The Court is without authority to remit restitution orders entered under the MVRA.").

To the extent Reichman invokes 18 U.S.C. § 3664(k), that provision permits adjustment of the payment schedule upon notice of a material change in economic circumstances. It does not authorize the rescission or reduction of the restitution amount. See United States v. Gorrick, 2023 WL 3741979, at *1 (S.D.N.Y. May

30, 2023) (citing United States v. Teeple, 2016 WL 1328939, at *2 (S.D.N.Y. Apr. 5, 2016)).

Moreover, even if the Court had the discretion or authority, the interests of justice would not warrant an exercise of that power to absolve Reichman of his obligations or provide him the relief he requests. Reichman has engaged in a consistent pattern of evading his restitution obligation, including, by all accounts, hiding assets from the Government until his divorce disclosed their existence. Following his divorce, Reichman voluntarily entered into a stipulation disposing of his interest in the very assets that he seeks to protect in this motion. Indeed, the so-ordered stipulation specifically provides that "[t]he Government asserts a 100% interest in the real property at 504 Grand Street, Apartment D-21, New York, New York 10002. The Judgment Debtor acknowledges and agrees that the federal criminal judgment lien remains attached to this property . . . ." ECF No. 220 at 7. The stipulation further provides that the Government asserted a 50% interest in his joint retirement accounts and that Reichman "acknowledges and agrees that the debt imposed in this case has been referred to and will remain enrolled in the Treasury Offset Program such that the nonexempt portion of any federal payments due or owing to him will be offset and applied toward his judgment debt until it expires." Id. at 7. Now, less than a year after he signed that stipulation, Reichman seeks an order subordinating the Government's lien on his

apartment and barring the garnishment to which he previously agreed.

Further, National Union's opposition to Reichman's motion submits that the Government has already been exceedingly lenient toward Reichman. See ECF No. 223 at 2-3. For example, National Union notes that the Government did not exercise its right to immediately execute against all of Reichman's previously undisclosed assets and disclaimed an interest in several of Reichman's accounts, thus permitting Reichman to withdraw up to $10,000 per month from his remaining accounts for living expenses. Id. The financial ramifications of the binding stipulation to which Reichman agreed cannot themselves be a sufficient change in financial circumstances to relieve Reichman of his commitment in that stipulation or of the court-ordered restitution payment schedule. Under these circumstances, it beggars belief that Reichman would petition this Court for relief from the very agreement that he entered into only months ago. Finally, the Court declines to restrict the Government's ability to garnish Reichman's Social Security payments for the reasons previously explained in Reichman, 2024 WL 5167749, at *2-3 and given Reichman's express consent to the garnishment.

**CONCLUSION**

For the reasons stated above, Reichman's motion is denied. The Clerk of Court is respectfully directed to terminate the

motions pending at ECF Nos. 221 and 223.

**SO ORDERED.**

Dated: November 13, 2026
New York, New York

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE